UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

07 CV 3798 (PKC)

**MEMORANDUM OF LAW**

Petitioners,

-against-

DARTZ AND MATZ INCORPORATED,

Respondent.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW

This memorandum of law is submitted in support of the Petition dated May 15, 2007 to confirm the arbitration award dated March 1, 2007. For the reasons set forth herein, the petition should be granted and a judgment entered confirming the award together with post award interest as awarded by the arbitrator and attorneys' fees and costs.

I.  The arbitration award should be confirmed.

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171,

176 (2d Cir. 1984)). Arbitration awards are granted great deference by the courts. <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/V</u>, 333 F.3d 383, 388 (2d Cir. 2003). Judicial review of an arbitrator's award, entered pursuant to an agreement between an employer and a labor organization, is very limited. <u>Major League Baseball Players Ass'n v. Garvey</u>, 532 U.S. 504, 509 (2001). Provided there exists "even a barely colorable justification" for the arbitrator's determination, the award should be upheld. <u>187 Concourse Assocs. v. Fishman</u>, 399 F.3d 524, 526 (2d Cir. 2005) (quoting <u>United Paperworkers Int'l Union, AFL-CIO v. Misco</u>, 484 U.S. 29, 38 (1987)).

In <u>D.H. Blair & Co.</u>, the Second Circuit ruled that a motion for default judgment made pursuant to an unopposed petition to confirm an arbitration award should be treated as though it was an unopposed motion for summary judgment. 462 F.3d at 109. As such, the court must examine the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. <u>Id</u>. at 110.

In the case at bar no genuine issues of material fact remain. First, there was a valid agreement to arbitrate the instant dispute. The collective bargaining agreement (hereinafter referred to as "CBA" ) between the Respondent and the District Council of New York and Vicinity of the United Brotherhood of Carpenters and Joiners of America provides that the trustees of the Petitioners may institute proceedings before an arbitrator to collect delinquent contributions to the Benefit Funds. (see Article XI, Section G of the CBA annexed hereto as "Exhibit A" ). The Arbitrator was empowered by the parties to make the aforementioned award. The subject arbitrator was specifically named in the CBA as one of the individuals that the parties agreed could serve as an arbitrator. (see Article XI, Section H of the CBA annexed hereto as "Exhibit A").Thus, the arbitrator was clearly acting with the scope of the authority granted to

2

him pursuant to the express terms of the CBA. Additionally, as reflected in the award, the Respondent had initially been sent the Audit conducted on its books and records and a demand to pay the audit findings (a copy the audit is annexed hereto as "Exhibit B" and a copy of the demand is annexed hereto as "Exhibit C"). The Respondent had been sent a Notice of Intention to Arbitrate by the Petitioners (a copy of which is annexed hereto as "Exhibit D") and a Notice of Hearing (a copy of which is annexed hereto as "Exhibit E") by the Arbitrator. As reflected in the award, no response from the Respondent was received by the Petitioners nor the Arbitrator. Moreover, the arbitrator's procedural and substantive interpretations of the CBA are supported by the contract terms themselves as every employer is required to contribute for each hour worked by employees that are covered by the CBA. (see Article XI, Section A of the CBA annexed hereto as "Exhibit A"). Lastly, there is no evidence in the record suggesting corruption, fraud, or other impropriety on the part of the arbitrator, nor would confirmation of the award be contrary to public policy. Unopposed motions for summary judgment "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir.2004). In this matter, the undisputed facts clearly show that Petitioners is entitled to judgment as a matter of law. Thus, confirmation of the arbitration award is appropriate and Petitioners are entitled to $45,704.50 as awarded by the arbitrator.

II. Petitioners are entitled to interest on the amount in the award

The arbitrator also found that Respondent was required to pay interest on the award amount due at the rate of ten percent (10%) per annum from the date of the award to date. (See Arbitrator's Award, pg. 4, annexed to Complaint as "Exhibit A"). For the reasons stated above, the arbitrator's award must not be disturbed. Therefore, Petitioners are entitled to $1,239.66 in

interest from the date of the award to date.

### III. Petitioners are entitled to Attorney's fees incurred in confirming the award

Petitioners are entitled to $4,390.97 in attorneys' fees and costs ($4,317.50 in attorneys' fees and $73.47 in costs) they have incurred while pursuing this confirmation action. (See Affidavit of Services of Andrew GraBois dated June 8, 2007 annexed hereto as "Exhibit F"). Attorneys' fees and costs are recoverable here for three reasons: (i) the CBA specifically provides for attorneys' fees in an action to collect delinquent contributions (see Carina Int'l Shipping Corp. v. Adam Maritime Corp., 961 F.Supp. 559, 569 (S.D.N.Y. 1997) ); (ii) the courts have an inherent equitable power to award attorneys' fees Int'l Chem. Workers Union, Local 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir., 1985); and (iii) Employee Retirement Income Security Act of 1974 ("ERISA") Section 502(g)(2) provides for the recovery of attorneys' fees and costs in an action for the collection of delinquent contributions.

It is well settled that attorneys' fees will be awarded to the prevailing party relating to the confirmation of the award where the underlying agreement provides for attorneys' fees. See, e.g., Page Intern. Ltd. v. Adam Maritime Corp., 53 F.Supp.2d 591 (S.D.N.Y. 1999). In this matter, the CBA clearly supports the conclusion that attorneys' fees and costs incurred in a confirmation proceeding are recoverable. Article XI, Section G (4) states:

> "In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court... reasonable attorney's fees and costs of the action..."

Because the underlying Agreement in this action sets forth that attorneys' fees and costs are recoverable, Petitioners as a matter of law, are entitled to attorneys' fees and costs incurred in

4

confirming the arbitration award.

Petitioners are also entitled to attorneys' fees grounded in equity. A court may, in the exercise of its inherent equitable powers, award attorneys fees when an opposing party refuses to abide by an arbitrator's decision without justification (Int'l Chemical Workers Union Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985); New York City Dist. Council of Carpenters Pension Fund v. Eastern Millenium Const., Inc., 2003 WL 22773355, at *2 (S.D.N.Y. 2003) ) or when the opposing party acts in bad faith when it fails to either pay the award or file a motion to vacate or modify. In Matter of Arbitration between Soft Drink and Brewery Workders Union Local 812, IBT, AFL-CIO, 1996 WL 420209 (S.D.N.Y.,1996).

The Court also must award attorneys' fees and costs incurred in the collection of these aforesaid contributions and in bringing this action for and on behalf of the Funds to Petitioners when a judgment in favor of the plan is awarded. 29 U.S.C. § 1132(g) (2).

## Conclusion

Petitioners are entitled to judgment against Respondent for the total sum of $51,335.13 which encompasses the principal amount of $45,704.50, representing the amount awarded by the arbitrator; prejudgment interest of ten percent (10%) per annum from the date of said award to date in the amount of $1,239.66 as awarded by the arbitrator; and attorneys' fees and costs arising out of this action to confirm the arbitrator's award in the amount of $4,390.97. For all foregoing reasons the petition should be granted and the award confirmed.

Dated: New York, New York
       June 8, 2006

                                      Respectfully submitted,

                                      O'DWYER & BERNSTIEN, LLP

                                      _____
                                      ANDREW GRABOIS (AG 3192)