UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE NEW YORK DISTRICT
COUNCIL OF CARPENTERS
PENSION FUND, et al.

                          Petitioner,                     07 Civ. 3798 (PKC)

    -against-

                                                            ORDER GRANTING PETITION

DARTZ and MATZ INCORPORATED,

                          Respondent.
-----------------------------------------------------------x

**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 6/28/07

P. KEVIN CASTEL, U.S.D.J.

        This petition to confirm an arbitration award was filed on May 15, 2007. According to the affidavit of Andrew Grabois, respondent Dartz and Matz Incorporated ("D&M") is a foreign corporation, not authorized to do business in New York.[1] Service was effectuated on respondent, pursuant to New York Business Corporation Law § 307, by serving the Secretary of State of New York and sending a copy of the summons and complaint by registered mail, return receipt requested, to D&M at its principal offices. The Secretary of State was served on May 22, 2007 and the registered mailing was made on or about May 25, 2007. No response to the petition has been filed. Because a petition to confirm an arbitration award ought not be granted on default, I will proceed to adjudicate the petition. See Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006)("default judgments in confirmation/vacatur proceedings are generally inappropriate." ).

        This court has subject matter jurisdiction by reason of section 301 of the

---

[1] I note that this is at odds with the Complaint which alleges that D&M is a New York corporation (Complaint ¶ 7). The affidavit presents the more recent information.

Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185. The benefit funds at issue were established and maintained pursuant to section 302 (c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

The Collective Bargaining Agreement ("CBA") between the parties constituted a valid agreement to arbitrate an issue relating to the failure of respondent to make contributions to the benefit funds. The dispute over non-payment was submitted to a duly designated impartial arbitrator, Roger E. Maher. After proper notice to the parties, the arbitrator held a hearing and rendered an award in writing on March 1, 2007. The arbitrator found in favor of the petitioner and found that respondent had failed to benfit plan contributions for the period April 9, 2006 through September 9, 2006. The written award found the precise amount of the delinquencies for each of the eight benefit funds at issue and also awarded interest, a late payment interest, liquidated damages, court costs, attorney's fees, audit fee and other fees totaling $45,704 with interest to run at the rate of 10 % from the date of the award.

I conclude that the Award is based in fact and law and the petition to confirm is GRANTED. The petitioner is entitled to reasonable attorneys' fees and costs in connection with proceedings to confirm the award. (CBA, Article XI, Section G(4)) I have reviewed the affidavit of services and conclude that it supports an award; the time spent and the hourly rates are reasonable. Fees of $4,317.50 and costs of $73.47, a total of $4,390.97, are awarded.

Petitioner should submit a proposed judgment awarding the $45,704 and calculating interest on the arbitrator's award of $45,704 from March 1, 2007 to the date of judgent at the rate of 10% per annum, plus attorney's fees and costs in the amount of

-3-

$4,390.97.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 28, 2007